UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE N.E.C.A./LOCAL 145 I.B.E.W. PENSION PLAN, AS COLLECTION AGENT FOR ALL FRINGE BENEFITS, <br><br> Plaintiff, <br><br> vs. <br><br> VOGELE ELECTRIC, LLC., d/b/a MILLER ELECTRIC, <br><br> Defendant. | No. _____ |

## COMPLAINT

NOW COMES the Plaintiff, The Trustees of the N.E.C.A./Local 145 I.B.E.W. Pension Plan, as Collection Agent for All Fringe Benefits, by and through their attorneys, McCarthy, Callas & Feeney, P.C., complaining of the Defendant, Vogele Electric, LLC., d/b/a Miller electric, and alleges as follows:

## COUNT I – ERISA CLAIMS

1. This action arises under Section 502 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and Section 301 of the Taft-Hartley Act (29 USC §§1132, 1145, and 185). Jurisdiction is founded on the existence of questions arising thereunder.

2. Further, to the extent that this Complaint raises claims under state law, this Court has Supplemental Jurisdiction under 28 USC 1367 over such claims.

3. The N.E.C.A. Local 145 IBEW Pension Plan (the "Plan") receives contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the I.B.E.W. Local 145 (the "Union"), and therefore,

    are multiemployer plans. (29 USC §1002).

4. Plaintiff is also the collection agent for the N.E.C.A. Local 145 I.B.E.W. Annuity and Profit Sharing Plan ("the Annuity Plan").

5. The Annuity receives contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the Union, and therefore, are multiemployer plans. (29 USC §1002).

6. The Plan, and the Annuity Plan, are collectively referred to herein as "the fringe benefit plans".

7. The Fringe Benefit Plans are administered at 1700 Fifty-Second Avenue, Suite B, Moline, IL, and venue is proper in the Southern District Court of Iowa, where Defendant is located and where work triggering contributions to the Fringe Benefit Plans was performed.

8. Defendant, Vogele Electric, LLC, d/b/a Miller Electric ("Miller Electric"), is an Iowa corporation with its principal place of business located at 1130 East Kimberly Road, Davenport, IA, 52807.

9. Miller Electric executed a "Letter of Assent", dated December 1, 2010, authorizing Quad Cities Chapter N.E.C.A. to act as its bargaining representative with the Union.  A copy of said Letter of Assent is attached hereto as Exhibit A.

10. The Letter of Assent also obligated Miller Electric to the then-existing Collective Bargaining Agreement with the Union.  A copy of the Collective Bargaining Agreement is attached hereto as Exhibit B.

11. Miller Electric, at all times relevant, was an employer engaged in an industry affecting commerce that entered into a Collective Bargaining Agreement that required Miller Electric to pay monthly fringe benefit contributions to the Fringe

Benefit Plans.

12. The Collective Bargaining Agreement also binds Miller Electric to the provisions of the Agreement and Declarations of Trust which created the Fringe Benefit Plans (the "Trust Agreements).

13. Pursuant to the provisions of the Collective Bargaining Agreement, Miller Electric was required to make contributions to the Fringe Benefit Plans for each hour worked by its construction employees at the rate and in the manner specified in the Collective Bargaining Agreement and Trust Agreements. In addition, Miller Electric was required to make contributions to the Fringe Benefit Plans measured by the hours worked by construction subcontractors that are not signatory to a Collective Bargaining Agreement with the Union.

14. From January, 2014, to the present, Miller Electric breached the provisions of the Collective Bargaining Agreement by underpaying contributions that were owed to the Fringe Benefit Plans based upon the hours worked by employees and/or measured by the hours worked by subcontractors.

15. On May 11, 2018, the Fringe Benefit Plans sent Miller Electric a letter containing a spreadsheet for the amounts owed to the Fringe Benefit Plans after crediting Miller Electric for a $12,000.00 bond that was forfeited and used to offset Miller Electric's deficiency. A copy of that letter is attached as Exhibit C.

16. Miller Electric has not made any payment on this delinquency since the date of the May 11, 2018, letter.

17. There remains a balance owed of $11,745.24 by Miller Electric for delinquent contributions to the Fringe Benefit Plans.

18. Plaintiff complied with all conditions precedent in bringing this suit.

19. Plaintiff engaged the undersigned attorneys to collect the monies due and owing from Miller Electric.

20. Pursuant to the provisions of the Trust Agreements and the Collective Bargaining Agreement, Miller Electric is required to pay liquidated damages, auditor fees, attorney fees and court costs incurred by the Fringe Benefit Plans in the collection process.

21. Miller Electric is obligated to pay the attorney fees and court costs incurred by the Plaintiff pursuant to 29 USC §1132 (g)(2)(D).

22. Pursuant to 29 USC §1132 (g)(2)(B), Plaintiff is entitled to liquidated damages plus 20% interest on the amount due pursuant to 29 USC 0132(g)(2)(c).

    WHEREFORE , Plaintiff prays:

    A. That the Court finds that Miller Electric be held liable for the above violations.

    B. That the Defendant Miller Electric be required to pay fringe benefit contributions to the Fringe Benefit Plans.

    C. That Miller Electric be ordered to pay 20% interest plus liquidated damages on the amount that is due pursuant to 29 USC 0132(g)(2)(c).

    D. That Miller Electric be ordered to pay the reasonable attorneys' fees and costs incurred by the Plaintiff. (29 USC §1132).

    E. That the Court finds Defendant is liable for the aforementioned damages, costs, fees, and interest.

**COUNT II: BREACH OF COLLECTIVE BARGAINING AGREEMENT**

23. Plaintiff reincorporates paragraphs 1-22 of the Complaint.

24. Defendant executed a Letter of Assent, dated December 1, 2010, authorizing Quad Cities Chapter N.E.C.A. to act as its bargaining representative with the Union. A copy of said Letter of Assent is attached hereto as Exhibit A.

25. By signing a Letter of Assent, Defendant became bound to the terms of a Collective Bargaining Agreement between the Union and Quad Cities Chapter NECA ("NECA").

26. The Letter of Assent bound Defendant to the clear and definite terms of the Collective Bargaining Agreement and all its successor agreements.

27. Plaintiff has performed all required conditions of the Collective Bargaining Agreement and all its successor agreements.

28. Section 2.21(A) of the Collective Bargaining Agreement and the applicable Local Union Wage Package provide that the employer shall pay a Union Assessment of 5% of the employer's gross payroll.

29. From January 2014 to the present, Defendant breached the provisions of the Collective Bargaining Agreement by underpaying the Union Assessment thereby resulting in economic injury to the Union.

30. After an audit, the amount owed by Miller Electric to the Union after all credits is $2,280.00.

31. Plaintiff is the authorized collection agent for the Union for the failure to pay fringe benefits and assessments arising out of an audit pursuant to the Collective Bargaining Agreement.

32. Plaintiff engaged the undersigned attorneys to collect the monies due under the Collective Bargaining Agreement from Defendant.

33. Pursuant to the terms of the Collective Bargaining Agreement, Defendant is required to pay liquidated damages, auditor fees, attorneys' fees, and court costs incurred by Plaintiff in the collection process.

    WHEREFORE, Plaintiffs pray that:

    A. The Court finds that Defendant be held liable for the above labor contract violations; and

    B. The Defendant be required to pay its Union Assessment in the amount of $2,280.00.

## COUNT III: BREACH OF CONTRACT (Quad Cities NECA Chapter)

34. Plaintiff reincorporates paragraphs 1-22 of the Complaint.

35. Defendant executed a Letter of Assent, dated December 1, 2010, authorizing Quad Cities Chapter N.E.C.A. to act as its bargaining representative with the Union. A copy of said Letter of Assent is attached hereto as Exhibit A.

36. The Letter of Assent also obligated Miller Electric to the then-existing Collective Bargaining Agreement with the Union. A copy of the Collective Bargaining Agreement is attached hereto as Exhibit B.

37. The Collective Bargaining Agreement binds Defendant to the provisions of the Agreement and Declarations of Trust which created the Trust Funds (the "Trust Agreements").

38. Defendant, as an employer engaged in an industry affecting commerce, was required to pay monthly fringe benefit contributions to the Trust Funds for each hour worked by its [construction/electrical/sheet metal] employees at the rate and manner specified in the Collective Bargaining Agreement and Trust Agreements.

39. From January 2014 to the present, Defendant breached the provisions of the Trust Agreements by underpaying monthly fringe benefit contributions thereby resulting in economic injury to Plaintiff.

40. Plaintiff engaged the undersigned attorneys to collect the monies due under the Trust Agreements from Defendant.

41. Pursuant to the terms of the Collective Bargaining Agreement and Trust Agreements, Defendant is required to pay liquidated damages, auditor fees, attorneys' fees, and court costs incurred by Plaintiff in the collection process.

WHEREFORE, Plaintiffs pray that:

A. The Court finds that Defendant be held liable for the above labor contract violations; and

B. The Defendant be required to pay fringe benefit contributions.

TRUSTEES OF THE N.E.C.A./LOCAL 145
I.B.E.W. PENSION FRINGE BENEFIT PLANS,
AS COLLECTION AGENT FOR ALL FRINGE
BENEFITS, Plaintiff

By: /s/ Michael W. Halpin
Michael W. Halpin
Attorney for Plaintiff
McCarthy, Callas & Feeney, P.C.
329 – 18th Street
Rock Island, IL 61201
(309) 788-2800
tfeeney@mcfe-law.com